FILED
U.S. DISTRICT COURT
___ DIV.
2011 SEP 29 AM 9: 53
CLERK R. Ott
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

EUGENE THOMAS,

  Plaintiff,

vs.           CIVIL ACTION NO.: CV611-032

JOHN PAUL; SHELDON OGDEN;
SANDRA ROBERTS; WAYNE HALL;
YEAVIS KNIGHT; PAUL SCHLACHER;
ROBERT FRADY; MILAS
LEBEDOVYCH; FLETA WOOD,
PATRICIA HARRIS; KEVIN
CRABTREE; and CHRISTOPHER
ELLIOTT,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eugene Thomas ("Thomas"), an inmate currently incarcerated at Autry State Prison in Pelham, Georgia, filed an action pursuant to 42 U.S.C. § 1983 alleging violations of his Constitutional rights while he was housed at Georgia State Prison in Reidsville, Georgia. Defendant Patricia Harris ("Harris") filed a Motion to Dismiss Plaintiff's Complaint. Thomas filed a Reply. Defendants John Paul, Sheldon Ogden, Lieutenant Wayne Hall, and Fleta Wood ("the Paul Defendants") filed a Motion to Dismiss. Thomas filed a Brief in Opposition to the Paul Defendants' Motion. The Paul Defendants filed a Reply Brief. Defendants Sandra Roberts, Yeavis Knight, Paul Schlacher, Robert Frady, Milas Lebedovych, Kevin Crabtree, and Christopher Elliott

("the Roberts Defendants")[1] filed a Pre-Answer Motion to Dismiss Plaintiff's Complaint. The Court issued an Order directing Thomas to file any objections to the Roberts Defendants' Motion or to otherwise inform the Court of his decision not to object. Thomas failed to object to the Roberts Defendants' Motion. For the following reasons, Defendants' Motions to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Thomas asserts that he requires mental health care due to suffering from severe anxiety and panic attacks. He alleges that on September 23, 2010,[2] he was removed from the mental health caseload at Georgia State Prison as a result of "retaliation, conspiracy, and out [of] deliberate indifference to [his] serious medical need, and in violation of the Georgia Department of Corrections Rules and Regulations; their Standard Operating Procedures; O.C.G.A. Statute and the United States Constitution 8th and 14th and 1st Amendments." (Doc. No. 1, p. 12). Thomas seeks monetary damages, injunctive relief, declaratory relief, a transfer from Georgia State Prison, the suspension of all Defendants from their employment at Georgia State Prison, and to be placed under federal court protection due to fear for his life at Georgia State Prison.[3]

Defendants state that Thomas' Complaint should be dismissed because Thomas failed to exhaust his administrative remedies, his Complaint falls under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), and he fails to state a

---

[1] When referring to the three sets of Defendants collectively, they will be called "Defendants."

[2] The underlying controversy between Thomas and prison officials occurred on September 22, 2010. (Doc. No. 1, p. 11). Thomas initially asserted that he was removed from the mental health caseload on September 22, 2010. Id. However, the Court will use September 23, 2010, as the date of the alleged wrongdoing since it is the later in time date Thomas asserted.

[3] Thomas has already been transferred from Georgia State Prison to Autry State Prison rendering his requests for transfer of housing and for federal court protection moot.

AO 72A
(Rev. 8/82)

claim upon which relief can be granted. Additionally, the Paul and Roberts Defendants argue that Thomas' Complaint should be dismissed because Thomas abused the judicial process by failing to disclose his prior lawsuits, the Paul and Roberts Defendants are entitled to qualified immunity, and Thomas' claim for injunctive relief is moot and contrary to the PLRA.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374–75 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction . . . and ordinarily does not deal with the merits." Id. at 1374 (internal punctuation and citations omitted). When exhaustion of administrative remedies is a defense before the court, a judge "may look beyond the pleadings and decide disputed issues of fact." Id. (citation omitted).

## DISCUSSION AND CITATION TO AUTHORITY

The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust administrative remedies, a prisoner must "properly take each step within the administrative process." Johnson v. Meadows, 418 F.3d 1152, 1158 (11th Cir. 2005) (citation omitted). An inmate "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. (citation omitted).

In Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. The court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id. at 1082. If under the plaintiff's version of the facts the plaintiff has not exhausted his administrative remedies, the court must dismiss the plaintiff's complaint. Id. If the complaint is not subject to dismissal based on the plaintiff's version of the facts, then the court proceeds to resolve the disputed factual issues related to exhaustion. Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083.

The Georgia Department of Corrections' Standard Operating Procedures provide the grievance process that a prisoner in the state of Georgia must follow. A prisoner with a complaint must "first attempt to resolve the complaint with a written informal grievance before filing a formal grievance." (Doc. No. 33-2, p. 6). An informal grievance must be filed no more than ten (10) days after the date on which the inmate knew, or should have known, of the facts giving rise to the grievance. Id. After completion of the informal grievance process, an inmate who is still dissatisfied may file a formal grievance. (Doc. No. 33-2, p. 7). The Warden provides the inmate with an official response to the inmate's formal grievance. (Doc. No. 33-2, p. 8). An inmate who is dissatisfied with the Warden's response may appeal to the Office of the Commissioner. (Doc. No. 33-2, pp. 9–10). The appeal to the Office of the Commissioner is the third and final step of the administrative remedy process.

AO 72A
(Rev. 8/82)

Defendants assert that Thomas failed to exhaust the administrative remedies available to him. A review of Thomas' grievance history reveals that he filed Informal Grievance Number 65370 in relation to the allegations in the instant lawsuit. (Doc. No. 33-9, p. 2). The Georgia Department of Corrections' record indicates that the grievance was received on October 5, 2010. Id. Based on that record, Thomas' informal grievance was rejected for being untimely, as it was filed more than ten (10) days after September 23, 2010, the date on which the incident giving rise to the grievance allegedly occurred. Id.

Thomas asserts that on or around September 24, 2010, he submitted an informal grievance to Defendant Elliott, a mental health counselor. (Doc. No. 1, p. 12). According to Thomas, Defendant Paul "refused to accept" that informal grievance. Id. Thomas next alleges that on or around October 2, 2010, he filed an informal grievance relating to the incidents alleged in this action. (Doc. No. 1, p. 13). This informal grievance was allegedly rejected by Defendant Paul for being "filed out of the ten day time frame."[4] Id. Thomas does not claim to have filed a formal grievance in relation to the allegations in the instant lawsuit. In fact, Thomas admits that he did not appeal any adverse decision regarding his grievance to the highest level possible in the administrative procedure. (Doc. No. 1, p. 10).

Thomas did not take each step within the administrative process, as set forth by the Georgia Department of Corrections' Standard Operating Procedures. As Thomas

---

[4] The informal grievance mentioned here is likely Informal Grievance Number 65370. Taking Thomas' alleged facts as true, this grievance would have been timely filed if filed on October 2, 2010, as opposed to October 5, 2010, as shown by the Georgia Department of Corrections' record. However, this does not change the recommended disposition of Defendants' Motions to Dismiss since Thomas never filed a formal grievance.

5

failed to exhaust his administrative remedies with respect to the claims presented in the instant action, Thomas' Complaint should be dismissed.

Defendants' remaining grounds for dismissal need not be addressed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motions to Dismiss (Doc. Nos. 25, 32, 43) be **GRANTED** and that Thomas' Complaint be **DISMISSED**, without prejudice, due to Thomas' failure to exhaust his administrative remedies prior to filing suit.

**SO REPORTED AND RECOMMENDED**, this 29th day of September, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)